GLOBE HOME IMPROVEMENT COMPANY, INC. *v.* HOOD, ET UX.

[No. 592, September Term, 1966.]

*Decided November 7, 1967.*

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, BARNES and FINAN, JJ.

*Melvyn J. Weinstock,* with whom was *Warren J. Weinberger* on the brief, for appellant.

No brief and no appearance for appellees.

MARBURY, J., delivered the opinion of the Court.

Globe Home Improvement Company, Inc., appellant-plaintiff, brought suit in the Circuit Court for Anne Arundel County to recover $2590 allegedly due it for goods and services that it had rendered to Dorice Hood and Norma Hood, his wife, appellees-defendants, pursuant to a written contract between the parties entered into on or about July 24, 1965. The appellees responded by filing general issue pleas to the plaintiff's declaration on November 23, 1965. After certain preliminary motions, the appellees filed, on April 29, 1966, a counterclaim in the amount of $4,000, alleging that the work was not done as provided, that it was not done in a good and workmanlike manner, that Globe had negligently damaged the building and shrubs on the premises, that it had left hazardous conditions in the form of exposed electric wiring and that numerous subcontractors were employed, while the Hoods had requested that none be

used. On June 22, 1966, the date of the trial, the appellant made a motion ne recipiatur as to the counterclaim on the grounds that it was filed long after the time for filing a declaration and counterclaim had passed pursuant to Maryland Rule 314 and that it was filed after preliminary law motions, depositions, and discovery had been taken. The court granted this motion. At the same time the appellant moved to amend its original declaration by increasing its claim to $3090. This motion was also granted. Following testimony and argument of counsel, Judge Macgill, sitting without a jury, awarded judgment nisi for the plaintiff in the amount of $1507. This judgment was made final on June 28, 1966. On July 19, 1966 the plaintiff moved that the case be reargued, but this motion was denied after a hearing. From the judgment entered and the denial of the motion for reargument, this appeal was taken.

The appellant urges us to reverse the judgment, claiming that the trial judge erred in permitting appellees' expert witnesses to testify and that that court erred in its failure to grant appellant's motion for reargument. We treat the motion as one made under Rule 625 for modification or revision of the judgment.

We find no merit in either contention. During the preliminary proceedings in the case, in the course of taking depositions on March 2, 1966, appellant's counsel asked Mr. Hoffman, counsel for the appellees, whether appellees anticipated that experts would be called to testify and was informed that they had talked to contractors who had looked at the work, that they planned on calling them, and that they also intended to call certain experts to testify as to the value of the work done. At that time the appellees did not know whom they planned to call but promised to tell appellant's counsel at a later date. At the trial, counsel for the appellees admitted that he had erred in not notifying appellant of the names of the witnesses that they planned to call. The witnesses in question were Frederick A. Wilkes, who had been a general contractor for twenty years and a carpenter for twenty-five years; and Eskil M. Ohlson, a photographer, who took pictures of the work involved. These witnesses were allowed to testify over objection by the appellant's counsel. Wilkes' testimony was to the effect that the quality of

the work was inferior and not done in a good and workman-like manner. The photographer merely identified the pictures and the time when they were taken.

The appellant claims that allowing these witnesses to testify took it by surprise and that it was thereby prejudiced. This claim, however, is not borne out by the facts. It was manifest, both from the answers given at the depositions and from the contents of the counterclaim, that appellees intended to prove as a defense to this action certain breaches of contract consisting of faulty work which could only be proven by testimony of experts. Moreover, if appellant's counsel desired time to check into the background of the witness in order to be able to ask him pertinent questions on cross-examination or to impeach him or to call other experts to rebut his testimony he could have, but did not request that the case be continued to permit this opportunity.

Counsel for the appellant in his brief, and oral argument before us, contended strenuously that Judge Macgill committed reversible error when he over-ruled its motion for reargument. The motion for reargument filed on July 19, 1966, which was similar in effect to a motion for a new trial, set forth that it was in possession of certain information which it believed would support its contention that Mr. Wilkes, the appellees' expert, perjured himself when he stated under oath that he was a licensed home improvement contractor. In support of that ground for his motion he presented for consideration by Judge Macgill a letter to appellant's counsel from John C. Coolahan, Executive Director, Maryland Home Improvement Commission, dated June 30, 1966, in reply to appellant's counsel's letter of June 27, 1966, informing Mr. Weinstock that the "Commission's records indicate that no license has been issued to Frederick A. Wilkes, 201 Madison Avenue, Glen Burnie, Md., during the 1966 licensing year." Upon receipt of that letter, appellant's counsel apparently assumed and argued before the judge that this indicated that Wilkes falsely testified to having been issued a license by the Commission and that he should have been permitted to produce this newly discovered evidence.

Any question of Judge Macgill's abuse of discretion in denying the motion for reargument, we think, was dispelled by the sequence of events which occurred between the time of his rul-

ing and oral argument before us. Counsel for the appellees, in order to correct the statement in appellant's brief that Wilkes had never been licensed as a home improvement contractor, sent a letter to appellant's counsel enclosing a photostatic copy of the home improvement license issued to Wilkes by the Home Improvement Commission for the year 1963-64. At the oral argument before us appellant's counsel candidly amended his brief by eliminating the assertion that Wilkes had never been issued a license. While it was true that Wilkes' answer on cross examination that he was licensed by the Commission as of the time he testified was in fact erroneous, whether deliberate or by inadvertence, this in no way disqualified him as an expert when Judge Macgill had ruled that he was qualified to give expert testimony on the subject. Although his statement was inaccurate it did not necessarily reflect on his veracity, since he had had a license for a previous year and may have thought that he was currently licensed, as he testified that he performed very little home improvement work. Also, the trial judge had the opportunity to hear and observe the demeanor of the witness and to determine his credibility. It is reasonable to assume that Judge Macgill, after examining the letter presented at the hearing on the motion for reargument, could conclude that the witness had told the truth to the best of his knowledge and belief since there was other evidence produced at the trial to support Wilkes' testimony.

We conclude from the record before us that there was no showing of prejudicial error in allowing the expert witnesses to testify nor any abuse of discretion in the denial of the motion for reargument.

*Judgment affirmed, costs to be paid by appellant.*